THE STATE, EX REL. HENSLEE, APPELLANT, *v.* NEWMAN, OHIO DEPARTMENT OF URBAN AFFAIRS, APPELLEE.

[Cite as State, ex rel. Henslee, v. Newman (1972), 30 Ohio St. 2d 324.]

(No. 72-239—Decided June 28, 1972.)

*Miss Laura J. Henslee, in propria persona.*

*Mr. William J. Brown,* attorney general, and *Mr. Richard A. Szilagyi,* for respondent.

*Per Curiam.* This is an appeal from the denial of a writ of mandamus by the Court of Appeals for Franklin County.

Appellant, Laura J. Henslee, was a field coordinator with the Ohio Department of Urban Affairs until June 30, 1971, when the entire department was reorganized and all field offices abolished, thus eliminating her position.

Appellant seeks an order requiring the respondent,

Bruce L. Newman, as Director of the Department of Urban Affairs, to reinstate her. The Court of Appeals had before it considerable evidence, including depositions of witnesses, exhibits and affidavits. The opinion of the Court of Appeals reflects that appellant's reasons for seeking reinstatement were predicated upon factual claims, such as, (1) the job was not properly abolished; (2) inadequate notice, if it was in fact abolished; and (3) bad faith, if it was abolished.

Basically, appellant disagrees with the conclusions drawn by the Court of Appeals from the evidence. The opinion of the Court of Appeals, however, indicates a careful and thorough review of the evidence, and correctly states that the burden is on the appellant to "demonstrate that there is plain, clear, and convincing evidence which would require the granting of the writ." The material submitted by appellant to us likewise fails to demonstrate that the Court of Appeals improperly evaluated the evidence in light of the relief sought. The first paragraph of the syllabus in *State, ex rel. Skinner Engine Co.,* v. *Kouri* (1940), 136 Ohio St. 343, is as follows, "Mandamus is an extraordinary writ and will not lie unless the claimant can establish a clear legal right thereto."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Corrigan, Leach and Brown, JJ., concur.

Herbert and Stern, JJ., not participating.