*30 O’Donnell, J.,
dissenting.
{¶ 34} Respectfully, I dissent.
{¶ 35} In this case, four relators, Marylou Altman-Bates, Amy Neyerlin, Rebecca Steele, and Melani Anderson, appeal from a judgment of the Tenth District Court of Appeals which denied a writ of mandamus to compel the Public Employees Retirement Board to grant them service credit in the Public Employees Retirement System (“PERS”) for the years 1985 to 1998. The court of appeals concluded that some evidence supported the board’s decision that they were not public employees during their tenure with the Franklin County Public Defender’s Office while it was organized as a private, nonprofit corporation.
{¶ 36} Our court is asked to determine whether the court of appeals abused its discretion when it concluded that the board did not abuse its discretion in denying a service credit to relators. See State ex rel. Nese v. State Teachers Retirement Bd. of Ohio, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 55; State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys., 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 19.
{¶ 37} The parties seeking a writ of mandamus have the burden “to ‘ “demonstrate that there is plain, clear, and convincing evidence which would require the granting of the writ.” ’ ” State ex rel. Doner v. Zody, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, ¶ 55, quoting State ex rel. Henslee v. Newman, 30 Ohio St.2d 324, 325, 285 N.E.2d 54 (1972), quoting the court of appeals’ opinion in that case. Clear and convincing evidence “is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.” Cross v. Ledford, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).
{¶ 38} Thus, mandamus will not lie as long as the board’s decision is supported by at least “some evidence.” State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd., 140 Ohio St.3d 284, 2014-Ohio-3688, 17 N.E.3d 569, ¶ 14; Schaengold at ¶ 19.
{¶ 39} The record reveals that the Franklin County Public Defender Commission appointed James Kura to the office of Franklin County Public Defender in 1977. From its inception, the public defender’s office operated as a nongovernmental organization. As Kura explained,
The decision to be non-county employees was made by the Board of County Commissioners and the Franklin County Public Defender Commission when our office split off from the Legal Aid Society of Columbus * * *. It was felt, as adversaries to the County Prosecutor’s [Office], we should not be a part of the county government.
*31 The commission and Kura therefore treated the Franklin County Public Defender’s Office as a private entity, and its employees did not participate in PERS but rather participated in and made contributions to the Social Security system. State ex rel. Mallory v. Pub. Emps. Retirement Bd., 82 Ohio St.3d 235, 236, 694 N.E.2d 1356 (1998).
{¶ 40} Apparently, based on an informal opinion issued by a section chief of the attorney general’s office, the state auditor determined that county public defender commissions lacked statutory authority to contract with nonprofit organizations because employees of county public defender offices were county employees. Id. at 236-237. Kura and the commission then sought new legislation from the General Assembly permitting nonprofit organizations to provide representation to indigent criminal defendants. Id. at 237. In the meantime, the minutes from a January 15, 1981 meeting of the Franklin County Public Defender Commission reveal that Kura had stated that he understood that if the office would
remain non-county we would probably be under the appointed counsel system section of the law. * * * Further, as non-county the public defender commissioners would lose their commission status, that he (Jim [Kura]) would have to resign as the public defender and become, if appointed by the commissioners, as the director; that the Franklin County Public Defender Commission as it now is would become a Board of Directors for the organization.
Kura continued to treat the public defenders as private employees, relying on the belief that a “new amendment to R.C. Chapter 120 would include a provision retroactively legalizing the [public defender’s office] operation as a private entity.” Mallory at 237.
{¶ 41} In 1984, the General Assembly enacted the legislation Kura sought, specifically permitting county public defender commissions to contract with nonprofit organizations to provide indigent defense. R.C. 120.14(F), Am.Sub.S.B. No. 271, 140 Ohio Laws, Part I, 949, 956-957. However, the General Assembly did not make the statute retroactive.
{¶ 42} Pursuant to the newly enacted statute, the Franklin County Public Defender Commission incorporated the Franklin County Public Defender as a nonprofit corporation in January 1985, and the code of regulations governing the nonprofit provided for the corporation’s trustees to elect a “President (also known as the Director).” The minutes of the meeting where these changes were accomplished reflect that “as of January 9,1985, the office of the Franklin County *32 Public Defender became officially a non-profit corporation ” and that the trustees had designated “James Kura, President (Director).” (Emphasis added.) Thus, it is manifest that the commission, with Kura’s agreement, replaced the public office of the county public defender with a private, nonprofit corporation.
{¶ 43} The majority, however, relies on these same meeting minutes as proving that Kura served in dual capacities as both the county public defender and as director of the nonprofit corporation, explaining that in its view, the board of trustees ratified and extended Kura’s term as public defender rather than dissolving that office or terminating his position for good cause. Regrettably, the majority misreads the record, because the trustees were explicitly discussing Kura’s “term as director” — not as public defender — and the minutes reveal that the “Board of Trustees approved unanimously this motion [to ratify Kura’s existing contract] which was accepted by Jim [Kura].” (Emphasis added.)
{¶ 44} Significantly, the board of trustees lacked statutory authority to appoint Kura to the office of county public defender, because R.C. 120.14(A)(1) grants that power only to the county public defender commission. Further, both Kura and the trustees were aware that R.C. 120.14(A)(2) prohibited the public defender commission from contracting with a nonprofit organization to provide the services of the public defender at the same time that there was an appointed county public defender.
{¶ 45} The only reasonable reading of this evidence is that the office of the county public defender had been dissolved with Kura’s agreement when he accepted the position of director of the nonprofit corporation, because the purpose of establishing a nonprofit corporation was to ensure that the office of the public defender was not a county agency and that its employees were not county employees. It is both material and relevant that the nonprofit corporation continued to treat its employees as private employees, making contributions to the Social Security system and to SEP-IRA accounts rather than to PERS — and a letter to Kura dated March 27, 1987, indicates that public defenders received contributions to SEP-IRA accounts to ensure that their combined employer contributions to the Social Security system and the SEP-IRA accounts would more nearly equal the employer contributions made to PERS for county prosecutors.
{¶ 46} And while the commission’s minutes had previously referred to Kura as “Public Defender,” after the incorporation of the nonprofit he was identified in subsequent meeting minutes and in correspondence only as “Director.” Tellingly, the minutes of a meeting held before Kura’s term ended in 1988 state that he was “reappointed as director of the office of the Franklin County Public Defender.” (Emphasis added.) And according to a letter in the record written by Judith M. Stevenson, who later held that position, it was only when the Franklin *33 County Public Defender “changed from a Not-For-Profit corporation to a County office as of January 1, 1999,” that the director’s title changed back to “Franklin County Public Defender.”
John H. Bates, for appellant Marylou Altman-Bates.
Amy Neyerlin, pro se.
Rebecca Steele, pro se.
Melani Anderson, pro se.
Michael DeWine, Attorney General, and John J. Danish, Assistant Attorney General, for appellee Ohio Public Employees Retirement Board.
{¶ 47} It is true, as the majority states, that there is no formal resolution in the record dissolving the office of the Franklin County Public Defender, nor does the record contain Kura’s formal resignation or removal for cause. But the majority overemphasizes the importance of these facts and misapplies the standard of review. The Public Employees Retirement Board has no burden of proof in this court. The relators have the burden of proof and cannot rely on an absence of evidence in the record to sustain their burden to affirmatively demonstrate that they were public employees entitled to participate in PERS. And not only does this record lack clear and convincing evidence that Kura held the office of county public defender while simultaneously serving as the director of the nonprofit corporation, but such a conclusion also runs contrary to R.C. 120.14(A)(2), which prohibited the commission from contracting with a nonprofit organization while there was an appointed county public defender. We should not presume that there was such a willing violation of the law, and there is at least some evidence that Kura and the county public defender commission replaced the office of the county public defender with a nonprofit corporation and that the relators, who did not contribute any funds to PERS during this time period, were not public employees.
{¶ 48} Thus, in my view, the court of appeals did not abuse its discretion in upholding the finding that employees of the Franklin County Public Defender’s Office were not public employees from 1985 to 1998 — the evidence shows they participated as private employees in the Social Security system and even received employer contributions to SEP-IRA accounts. The majority opinion pretends to retroactively change history by erroneously concluding that relators were public employees during that time. They were not. Accordingly, I would affirm the judgment of the court of appeals in this case.
Lanzinger and Kennedy, JJ., concur in the foregoing opinion.
*34 Ron O’Brien, Franklin County Prosecuting Attorney, Nick A. Soulas Jr., First Assistant Prosecuting Attorney, and Denise DePalma, Assistant Prosecuting Attorney, for appellee Franklin County Board of Commissioners.