[Cite as *William P. Bringman Co., LPA, v. Blubaugh*, 2013-Ohio-4672.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William P. Bringman Co., LPA, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 13AP-340 |
| v. | : | (C.P.C. No. 09-EX-315) |
| David M. Blubaugh, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 22, 2013

*William P. Bringman*, pro se.

*Weston Hurd LLP, J. Quinn Dorgan* and *Daniel T. Downey*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, William P. Bringman of William P. Bringman Co., LPA ("appellant"), appeals from an April 12, 2013 judgment of the Franklin County Court of Common Pleas denying his motion for amercement.

{¶ 2} Appellant comes before us again appealing the denial by the trial court of a second motion to amerce. As we explained in our decision in *William P. Bringman Co., LPA v. Blubaugh*, 10th Dist. No. 12AP-360 (Jan. 24, 2013) (Memorandum Decision), appellant obtained a judgment against defendant-appellee, David M. Blubaugh ("appellee"), in a case captioned *Bringman & Bringman Co., L.P.A. v. David M. Blubaugh*, Franklin C.P. No. 08CVH-04-4895 (Apr. 23, 2009). Appellant then filed a praecipe for a writ of execution, directing the clerk of the Franklin County Court of Common Pleas to issue a writ or order of execution to J. Steven Sheldon ("Sheriff Sheldon"), the Sheriff of Richland County, ordering him to levy on and sell certain

property owned by appellee. On November 14, 2011, appellant filed a motion for amercement against Sheriff Sheldon for neglecting or refusing to sell the property he was directed to sell by the writ of execution issued on May 20, 2010. Ultimately, after some procedural hiccups,[1] the trial court denied appellant's motion for amercement because it did not comply with the service requirement under R.C. 2707.02. Appellant then appealed. Appellee moved to dismiss the appeal for lack of a final, appealable order. We agreed the trial court's denial was not final and appealable. We concluded that, because the denial was due to non-compliance with the service requirement, the trial court did not rule on the merits of the motion and did not conclude that appellant was not entitled to amercement. Moreover, nothing in the appealed decision would have prevented appellant from filing another motion for amercement and obtaining service of it on Sheriff Sheldon. Consequently, we determined that we lacked subject-matter jurisdiction and dismissed the appeal.

{¶ 3} Appellant then proceeded to file another motion for amercement on February 9, 2013. There was no dispute that the motion was properly served on Sheriff Sheldon, and Sheriff Sheldon filed a memorandum in opposition. Appellant filed a reply. The trial court's denial of this new motion is the subject of the instant appeal, and appellant raises a single assignment of error as follows:

> The trial court erred in its judgment of April 12, 2013 denying appellant's motion for amercement filed in the trial court on February 9, 2013.

{¶ 4} As we have noted previously, it is necessary to briefly consider the nature of the relief sought by appellant that was denied by the April 12, 2013 judgment. Amercement is a special remedy outlined in R.C. Chapter 2707. As relevant to this appeal, under R.C. 2707.01, "[i]f an execution or order of sale directed to an officer comes to his hands to be executed, and he neglects or refuses to execute it; * * * or neglects to return to the proper court an execution or order of sale to him directed on or before the return day thereof; * * * such officer shall be amerced in the amount of such judgment, including costs, with ten percent thereon, to and for the use of the plaintiff or defendant." "If an officer who is amerced has not collected the amount of the original judgment, he may sue

---

[1] We will not detail the procedure leading up to the first appeal but, rather, refer to the same outlined in the January 24, 2013 memorandum decision in case No. 12AP-360.

out an execution and collect, for his own use, the amount of the judgment, in the name of the original plaintiff." R.C. 2707.07. Thus, amercement is a statutory tool that may be used to aid in the collection of a judgment.

{¶ 5}  The Supreme Court of Ohio has characterized amercement as a "seldom-used remedy" and stated that "[w]hile it is questionable why this archaic procedure remains, this court will enforce R.C. Chapter 2707 until the General Assembly removes it from the books." *Ryan v. Carter*, 67 Ohio St.3d 568, 569 (1993). Nevertheless, "[i]t has * * * been uniformly held that the statute must be construed strictly, and that the sheriff must be brought within both its letter and spirit, before a recovery can be had against him." *Conkling v. Parker*, 10 Ohio St. 28, 32 (1859), citing *Bushnell v. Eaton,* Wright, 720 (1834); *Duncan v. Drakeley*, 10 Ohio 45 (1840); *Bank of Gallipolis v. Domigan*, 12 Ohio 220 (1843). "The statute was, no doubt, intended to enforce and secure the proper execution of process by the ministerial officer to whom it may be directed. But where the requirements of the statute have been substantially complied with, so far as the interests of either party can require, a construction closely adhering to its letter, without reference to its spirit and substance, would often work manifest injustice, and convert its wholesome provisions, in the hands of crafty and unscrupulous parties, into mere snares for the unsuspecting, though honest and faithful officer." *Conkling* at 32.

{¶ 6}  The basis of appellant's motion was that Sheriff Sheldon failed to execute the May 20, 2010 writ on appellee. This was the third writ of execution appellant had requested. Appellant requested that Sheriff Sheldon be instructed to:

> [C]omplete the same execution process as ordered in the original execution on the assets located in Richland County, the assets being described in the original execution herein, *a copy of which is attached hereto* and made a part hereof. PLEASE BE CERTAIN TO INDICATE IN THE WRIT THE LANGUAGE "FUNDS ON DEPOSIT FOR THE SERVICE OF THIS WRIT."

(Emphasis added.)

{¶ 7}  Kathy West, an employee of the Richland County Sheriff's Office in the Civil Process Division, by affidavit averred that the writ did not include any attachment of "the assets being described in the original execution herein." Therefore, it was not clear without the attachment, which assets upon which to execute. The only thing that was

clear was that Sheriff Sheldon was ordered to serve the judgment debtor with the writ. Sheriff Sheldon did that and nothing more.

{¶ 8} Appellant points us to R.C. 2707.03 in support of his argument that Sheriff Sheldon did not show that "unavoidable accident" prevented him from executing the writ. R.C. 2707.03 reads: "If an officer fails to execute a summons, order, execution, or other process directed to him, or to return it, as required by law, unless he makes it appear, to the satisfaction of the court, that he was prevented by unavoidable accident from so doing, he shall be amerced, upon motion and notice, as provided in sections 2707.01 and 2707.02 of the Revised Code[.]" Appellant argues that, while the trial court may have found there was an accident or mistake, it did not make a finding that said accident was unavoidable.

{¶ 9} "The statute under which [a person moving to amerce] proceeds is of a penal character; it affords a summary remedy, without trial by jury, for official delinquency; and without regard to the amount of damages resulting, in fact, from such delinquency, it leaves no discretion to the court, as to the amount of the judgment to be rendered against the delinquent officer. In the language of the statute, 'he shall be amerced in the amount of said debt, damages, and costs, with ten per cent thereon, to and for the use of said plaintiff or defendant.' " *Moore v. McClief*, 16 Ohio St. 50, 53 (1864), citing S. & C. Stat. 1084, 1085. "Such being the character of the statute, it has been repeatedly, and, as we think, properly held, that he who would avail himself of the remedy by amercement, must bring himself within both the letter and spirit of the law." *Id.*, citing *Duncan v. Drakely*, 10 Ohio 45, 47 (1840); *Domigan*; *Webb v. Anspach*, 3 Ohio St. 522 (1854); *Conkling*; and *Langdon v. Summers Bros. & Co.*, 10 Ohio St. 77, 79 (1859).

{¶ 10} It is true that the trial court did not use the term "unavoidable" in its decision. It did, however, discuss Sheriff Sheldon's reasonable interpretation of the writ and the perils of Sheriff Sheldon seizing property different from that which appellant intended. The reference to only certain assets, those being described in the original execution, rather than all of the judgment debtor's assets, apparently led Sheriff Sheldon to interpret the writ as requiring him to execute only on certain specific, but not all, of appellee's assets. Construing the statute strictly, the trial court determined that Sheriff Sheldon's actions met the letter and the spirit of the law. We do not find that the trial

court erred in this determination as it appears that Sheriff Sheldon substantially complied with the requirements of the statute.

{¶ 11} Finally, we note that amercement is a remedy for "official delinquency." *Moore.* It appears upon the facts of this case that the delinquency at issue was that of the clerk, or other responsible government officer, who failed to attach to the writ a copy of "the assets being described in the original execution herein." The trial court did not err by not penalizing Sheriff Sheldon for the same.

{¶ 12} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____