[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.,* Slip Opinion No. 2014-Ohio-3688.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3688

THE STATE EX REL. DOMHOFF ET AL., APPELLANTS, *v.* OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM BOARD, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.,* Slip Opinion No. 2014-Ohio-3688.]

*Mandamus—R.C. 145.03—Student-employee exemption from Public Employee Retirement System membership—Student employees are continuously employed by a state university even when their employment is interrupted by the normal breaks of the academic year—University policy of terminating student employment at the end of school year does not affect student's continuous employment—Court of appeals' denial of writ affirmed.*

(No. 2013-1138—Submitted May 13, 2014—Decided August 28, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-245, 2013-Ohio-2513.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment in this appeal from the Tenth District Court of Appeals. Appellants, five current and former student-employees of Youngstown State University ("YSU"), sought a writ of mandamus against the Board of the Ohio Public Employees Retirement System ("OPERS"). One of the few exceptions to public-employee membership in OPERS is described in R.C. 145.03. That statute provides that a student employee is exempt from OPERS membership if he or she requests exemption by submitting a form to OPERS, OPERS approves the exemption, and the student is "continuously employed" by the school, college, or university.

{¶ 2} OPERS concluded that appellants had all properly requested exemptions and that all were "continuously employed" by the university. The Tenth District agreed and denied a writ. Because the Tenth District correctly held that OPERS's interpretation of the law and its application to the facts were reasonable, we affirm.

*Facts*

{¶ 3} Appellants, Christine Domhoff, Bernice Hamrock, Gregory Gulas, Richard Sweany, and Roman Swerdan, alleged that they were former student-employees of YSU. A payroll-department account clerk at YSU told OPERS that appellants had worked for YSU as student employees but had not filed the proper exemption forms for each year of employment. OPERS originally found that appellants were OPERS members during the periods for which no form was available and billed YSU for the service under R.C. 145.483. Appellants were credited for OPERS service.

{¶ 4} An audit was conducted in 2010 and additional student-exemption forms were located for each appellant. OPERS reversed its previous billing and canceled appellants' associated service credit. Appellant Domhoff was a student employee from January 1, 1982, through June 9, 1984. During the audit, three

2

forms titled "Acknowledgment of Non-Contributing Status" ("acknowledgment form"), signed by Domhoff on January 5, 1982, July 13, 1982, and June 7, 1983, were located.

{¶ 5} Appellant Hamrock was a student employee from December 28, 1980, through June 14, 1984. During the audit, three forms titled "Request for Optional Exemption" ("request form"), signed by Hamrock on December 5, 1980, September 9, 1981, and June 30, 1982, were located.

{¶ 6} Appellant Gulas was a student employee from January 3, 1974, through June 6, 1975. During the audit, one request form, signed by Gulas on December 10, 1973, was located.

{¶ 7} Appellant Sweany was a student employee from October 29, 1973, through July 30, 1976. During the audit, one request form, signed by Sweany on October 3, 1973, was located.

{¶ 8} Appellant Swerdan was a student employee from May 19, 1980, through January 24, 1982. During the audit, two request forms, signed by Swerdan on May 13, 1980, and September 14, 1981, and two acknowledgment forms, signed on May 13, 1980, and August 22, 1980, were located.

{¶ 9} Appellants filed a petition for a writ of mandamus in the Tenth District. They argued that the exemption forms were invalid if they were signed before the start of employment, that the absence of an OPERS stamp on the form invalidated the exemption, and that they were not "continuously employed" within the meaning of R.C. 145.03, because it was YSU's policy to terminate all student employees at the end of each spring term. The magistrate rejected these arguments and recommended denial of a writ.

{¶ 10} Appellants made a fourth argument, that the acknowledgment form does not satisfy the requirements of R.C. 145.03 and therefore does not constitute a request for an exemption. However, the magistrate did not consider this issue.

**{¶ 11}** The Tenth District overruled appellants' objections to the magistrate's recommendations for the first three issues and found appellants' argument regarding the fourth issue unpersuasive. Appellants appealed as of right, raising only two of the issues decided below: (1) whether they were "continuously employed" for purposes of R.C. 145.03 and (2) whether OPERS may rely on the acknowledgment forms rather than the request forms to document an exemption.

*Analysis*

**{¶ 12}** OPERS is vested by statute with the authority to determine who is a member of the retirement system, and that decision is final. R.C. 145.01(A)(5). Mandamus is the appropriate remedy to challenge a decision by OPERS, because there is no statutory right to appeal. *State ex rel. Lucas Cty. Bd. of Mental Retardation & Dev. Disabilities v. Pub. Emps. Retirement Bd.*, 123 Ohio St.3d 146, 2009-Ohio-4694, 914 N.E.2d 1038, ¶ 15.

**{¶ 13}** To prevail in this mandamus case, appellants must establish a clear legal right to the requested relief, a clear legal duty on the part of OPERS to provide that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Appellants must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 14}** To show that they are entitled to the requested writ, appellants must demonstrate that OPERS abused its discretion. *State ex rel. Lucas Cty. Bd. of Mental Retardation & Dev. Disabilities* at ¶ 16. Abuse of discretion connotes a decision by OPERS that was unreasonable, arbitrary, or unconscionable. *Id.* OPERS has not abused its discretion if there is "some evidence" to support its determination. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 26-27; *State ex rel.*

*Marchiano v. School Emps. Retirement Sys.*, 121 Ohio St.3d 139, 2009-Ohio-307, 902 N.E.2d 953, ¶ 21.

{¶ 15} Every public employee, but for a few narrow exceptions, is a member of OPERS. R.C. 145.01(B). Under R.C. 145.03(B), a student employee may elect to be exempted from membership:

A student who is not a member at the time of his employment with the school, college, or university in which he is enrolled and regularly attending classes may elect to be exempted from compulsory membership and a student who is a member may elect to have his employment with the school, college, or university in which he is enrolled and regularly attending classes exempted from contribution to the retirement system. An election to be exempted from membership or contribution shall be made by signing a written application for exemption within the first month after being employed and filing the application with the public employees retirement board. *All applications*, when approved by the public employees retirement board and filed with the employer, *shall be irrevocable while the employee is continuously employed by the school, college, or university and regularly attending classes*.

(Emphasis added.) Also applicable to the student-employee exception is Ohio Adm.Code 145-1-55:

An exemption from membership in the public employees retirement system pursuant to section 145.03 of the Revised Code shall be valid only during the current period of employment for the

> public employer by whom a public employee is employed at the time the exemption is approved. *When the employment is terminated the exemption also terminates.* Upon a return to public employment either for the former employer or another employer membership in the system is mandatory unless the employee may be exempt or excluded from membership.

(Emphasis added.)

*Continuous employment*

{¶ 16} Appellants argue that they were not "continuously employed" by YSU because YSU's policy was to terminate the employment of all student employees at the end of every spring semester. Therefore, if they did not request an exemption each time they resumed employment after a summer break, they were OPERS members for the later periods and were entitled to credit in the system for that employment.

{¶ 17} A student exemption remains valid until the employment is "terminated," according to Ohio Adm.Code 145-1-55. In other words, only one exemption form is needed if a student employee is "continuously employed." If a student's employment was terminated but the student was rehired by the university, the student had to sign a new form to be exempt from service.

{¶ 18} OPERS argues that the breaks in employment result from the normal cycle of student employment in school year, based on two court of appeals opinions. In *State ex rel. Palmer v. State Teachers Retirement Bd.*, 90 Ohio App.3d 497, 503, 629 N.E.2d 1377 (10th Dist.1993), the Tenth District held that a student employee did not have to file a new exemption for each school year she had worked. In *State ex rel. Brown v. Pub. Emps. Retirement Bd.*, 10th Dist. Franklin No. 93AP-290, 1993 WL 387252 (Sept. 30, 1993), the Tenth District held that the two- or three-month break in employment in July, August, and

September "can be reasonably interpreted as a normal summer break in student employment, which would not constitute a break in continuous employment for purposes of R.C. 145.03." *Id.* at *2. OPERS concluded that the forms filed by the appellants, even when only one form was filed at the beginning of the first year of employment, made them exempt for the entire time they had worked as student-employees at YSU.

{¶ 19} Appellants argue that *Palmer* and *Brown* can be distinguished because the relator in each of those cases was never officially terminated, even though each might not have worked during the normal academic breaks. Unlike Palmer and Brown, appellants were terminated according to YSU's automatic-termination policy, and they assert that a new exemption form needed to be filed for each school year that they worked for the exemption from OPERS membership to be effective.

{¶ 20} However, while YSU may have terminated students' employment at the end of an academic year, other colleges and universities might not. As the magistrate below noted, YSU's policy of terminating all student employees at the end of the spring term did not alter the fact that following the normal summer break, YSU anticipated the return of many students to the same employment.

{¶ 21} OPERS cannot be bound by the policy of one university in making a determination about "continuous" employment for purposes of membership. OPERS has an interest in ensuring that students from state colleges and universities are treated similarly regardless of the internal policies adopted by different schools.

{¶ 22} Therefore, OPERS reasonably relied on the interpretation of the statutory language made by the Tenth District in deciding that the breaks in the employment records of appellants were the result of the normal cycle of student employment and that therefore only one exemption form was needed for each appellant.

*Reliance on evidence other than the request forms*

{¶ 23} Under R.C. 145.03(B), a written request for exemption must be signed and approved by OPERS for a student-employee to be exempt from the retirement system. The request form designated by OPERS for this purpose specifically advises students about the consequences of exemption. The acknowledgment form is a supplemental form that does not spell out the consequences of exemption but documents that a request form has been filed and accepted by OPERS.

{¶ 24} When analyzing YSU's records to determine appellants' service credit in the system, OPERS relied on acknowledgment forms signed by at least one of the appellants. But the acknowledgment form, appellants argue, was never intended to meet the requirements of R.C. 145.03 and should not have been considered by OPERS in determining whether a particular student-employee is a member of the system.

{¶ 25} OPERS did not abuse its discretion in relying on the acknowledgment form, although the form is not a request for exemption, because it includes an acknowledgment that an exemption has been filed. The acknowledgment forms are "some evidence" that OPERS may rely on to find that appellants were exempt for the times not covered by a request form.

*Conclusion*

{¶ 26} OPERS interpreted R.C. 145.03 and Ohio Adm.Code 145-1-55 to mean that student employees are "continuously employed" even when their employment is interrupted by the normal breaks of the academic year and even though the university at which they were employed had a policy of terminating student employees at the end of a school year. The Tenth District properly found that OPERS's interpretation was reasonable. OPERS was therefore correct in finding that appellants needed to sign only one application for exemption from

membership in the retirement system at or near the time of their initial employment to be exempt from membership.

{¶ 27} OPERS relied on the acknowledgment form, in the absence of a request form, to document a student employee's exemption from membership in the retirement system. The Tenth District also properly found that OPERS acted reasonably. The acknowledgment form, although it is not an application for exemption, contains language acknowledging that an application for exemption has been made and thus is "some evidence" that the student employee had applied for and received an exemption.

{¶ 28} We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Green Haines Sgambati Co., L.P.A., Ira J. Mirkin, Stanley J. Okusewsky III, and Charles W. Oldfield, for appellants.

Michael DeWine, Attorney General, and Matthew T. Green, Assistant Attorney General, for appellee.

_____