[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Powell v. Ohio Pub. Emps. Retirement Sys.*, Slip Opinion No. 2021-Ohio-4030.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4030

THE STATE EX REL. POWELL, APPELLANT, *v*. OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Powell v. Ohio Pub. Emps. Retirement Sys.*, Slip Opinion No. 2021-Ohio-4030.]**

*Public retirement systems—Disability benefits—When there is some evidence to support an administrative body's decision, a reviewing court will not disturb the decision—A party ordinarily may not present on appeal an argument that it failed to raise below—Court of appeals' judgment affirmed.*

(No. 2021-0395—Submitted September 7, 2021—Decided November 16, 2021.)

APPEAL from the Court of Appeals for Franklin County,

No. 19AP-600, 2021-Ohio-920.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael Ray Powell Jr., sought a writ of mandamus from the Tenth District Court of Appeals compelling appellee, the Ohio Public Employees Retirement System ("OPERS"), to reverse its denial of Powell's application for disability benefits. The Tenth District denied the writ because OPERS's decision was supported by evidence in the record. Powell appealed. We affirm the Tenth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Powell worked for the state as a highway technician. His duties included operating heavy equipment, removing snow and ice from highways, inspecting construction to ensure contractor compliance with state standards, maintaining highway roads and bridges, and maintaining equipment. He sustained injury in October 2015 when he fell off a ladder at work and hit his head. He applied to OPERS for disability benefits in November 2017.

{¶ 3} R.C. 145.35 provides for disability-retirement benefits payable to eligible OPERS members who suffered an on-duty illness or injury. R.C. 145.35(E) states that an OPERS member

> shall receive a disability benefit * * * if all of the following apply:
>
>   (1) The board's examining physician determines that the member qualifies for a disability benefit and the board's medical consultant concurs with the determination;
>
>   (2) The board concurs with the medical consultant's determination;
>
>   (3) The member agrees to medical treatment as specified in [R.C. 145.35(F)].

The disability determination hinges on whether the OPERS member is "mentally or physically incapable of performing the duties of the most recent public position

held by the member" as a result of "a disabling condition either permanent or presumed to be permanent," i.e., the disabling condition is "expected to last for a continuous period of not less than twelve months following the filing of the application." *Id.*

{¶ 4} When it considered Powell's application, OPERS had before it the reports of several physicians.

{¶ 5} Powell's treating physician, Dr. W. Jerry Mysiw, wrote that Powell complained of migraines and neck and shoulder pain. Dr. Mysiw diagnosed Powell with "[i]ntractible migraine without aura and without status migrainous." His report also referred to "post concussive Cervicogenic daily migraines." He stated that Powell's prognosis for recovering from his disabling condition was "[f]air at present," but he nevertheless opined that he considered Powell permanently disabled from working in his last public-employment position.

{¶ 6} OPERS had also referred Powell for an independent medical examination ("IME") conducted by Dr. Gerald Steiman. In his report, Dr. Steiman wrote that Powell complained of two types of headaches: migraines, which began behind one of his eyes and which Powell was able to abort within minutes of onset using a lidocaine nasal spray; and cervicogenic headaches, which began in Powell's neck and upper back and lasted longer. Dr. Steiman also wrote that the eligible diagnosis for purposes of disability benefits was intractable migraines without aura and without status migrainosus and that although Powell suffered from multiple conditions, Dr. Steiman had considered only the eligible diagnosis in his disability determination. After examining Powell and reviewing his medical history and job description, Dr. Steiman opined that Powell was not permanently disabled because the eligible diagnosis of intractable migraine was easily controlled with medication.

{¶ 7} OPERS subsequently asked Dr. Steiman to consider Powell's cervicogenic headaches as migraines and to restate his opinion. Dr. Steiman provided a short supplemental opinion in which he stated that after he considered

Powell's cervicogenic headaches as migraines, "Powell's history, medical record review, and physical examination provide credible evidence he is not disabled from his occupation as a public employee."

**{¶ 8}** Also before OPERS was a report by Managed Medical Review Organization ("MMRO"), with which OPERS contracts to manage its disability claims. The MMRO report, which was signed by its medical director, Dr. Jeffrey Deitch, contained a review of Powell's medical history, including Dr. Mysiw's and Dr. Steiman's reports, and recommended that OPERS deny Powell's application for disability benefits. Additionally, OPERS's medical advisor, Dr. Maurice Mast, recommended that OPERS deny Powell's application due to insufficient objective evidence of permanent disability on account of the eligible condition.

**{¶ 9}** OPERS followed these recommendations and denied Powell's application. Powell appealed that decision. When it considered Powell's appeal, OPERS had before it all the evidence described above, plus the report of a second IME, conducted by Dr. Kenneth Mankowski. After examining Powell and reviewing his medical records, Dr. Mankowski opined that Powell was not permanently disabled because his migraines were episodic and treatable and because his cervicogenic headaches, which were also episodic and treatable, had resolved themselves within three months of Powell's injury. Dr. Mankowski based this latter conclusion on the mechanism and severity of Powell's injury, the nature of the cervicogenic condition, and the lack of objective evidence of the condition's existence at the time of his examination.

**{¶ 10}** MMRO reviewed the above evidence and recommended, in a report signed by Dr. Deitch, that OPERS uphold its denial of Powell's application, based on the opinions of Drs. Steiman and Mankowski. Dr. Mast concurred, and OPERS upheld its denial. Powell filed a request to reopen the application, but OPERS rejected the request.

{¶ 11} Powell filed a complaint for a writ of mandamus asking the Tenth District Court of Appeals to issue a writ compelling OPERS to reverse its denial of his application. The Tenth District denied the writ, finding that OPERS's decision was supported by some evidence in the record. Powell appealed.

## II. ANALYSIS

### A. *Mandamus Standard*

{¶ 12} A writ of mandamus is the appropriate remedy if OPERS abused its discretion by denying Powell's application for disability benefits. *State ex rel. Woodman v. Ohio Pub. Emps. Retirement Sys.*, 144 Ohio St.3d 367, 2015-Ohio-3807, 43 N.E.3d 426, ¶ 16. OPERS abused its discretion if it entered an order that was not supported by some evidence. *Id*. at ¶ 17. "Only if the [OPERS] board's decision is not supported by *any* evidence will mandamus lie." (Emphasis sic.) *Id*. "[T]he presence of contrary evidence is immaterial if there is evidence in support of the board's findings of fact." *State ex rel. Kolcinko v. Ohio Police & Fire Pension Fund*, 131 Ohio St.3d 111, 2012-Ohio-46, 961 N.E.2d 178, ¶ 9.

### B. *Some Evidence*

{¶ 13} The Tenth District correctly concluded that OPERS's decision to deny Powell's application for disability benefits was supported by some evidence, specifically (1) Dr. Steiman's opinion that Powell was not permanently disabled because his migraines were easily treatable and his cervicogenic headaches were not disabling, (2) Dr. Mankowski's opinion that Powell's migraines were episodic and treatable and that his cervicogenic headaches had subsided, (3) Dr. Deitch's recommendations on behalf of MMRO that Powell was not disabled, based on MMRO's review of Powell's medical records, and (4) Dr. Mast's recommendations that the application be denied on the same basis.

{¶ 14} Powell argues that OPERS may not ignore evidence that is favorable to him, such as his own physician's opinion. But there is no evidence that OPERS

ignored Dr. Mysiw's opinion; to the contrary, his reports were referred to in Dr. Steiman's and Dr. Mankowski's reports as well as MMRO's report.

{¶ 15} Powell then asserts that the IME system is inherently biased against claimants, though he offers no evidence in support of this allegation. OPERS points out that Powell waived his inherent-bias argument by not raising it before the Tenth District. *See State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10 ("a party ordinarily may not present an argument on appeal that it failed to raise below"). But even if Powell has not waived that argument, it is meritless.

{¶ 16} R.C. 145.35(E) provides that OPERS shall grant Powell disability benefits only if (1) OPERS's examining physician (in this case, Dr. Steiman or Dr. Mankowski) determines that he qualifies for benefits, (2) the board's medical consultant (in this case, Dr. Mast) concurs, and (3) the OPERS board itself also concurs. Those statutory requirements were indisputably not met here, and we may not alter or ignore them.

{¶ 17} Consistent with the above, we have held that OPERS "does not abuse its discretion by accepting the opinion of its reviewing physician over that of the claimant's treating physician." *Woodman*, 144 Ohio St.3d 367, 2015-Ohio-3807, 43 N.E.3d 426, at ¶ 18. And with respect to the reviews by MMRO and Dr. Mast, "a medical expert's file review can constitute 'some evidence' supporting the denial of disability compensation. * * * The medical opinion expressed, when drawn from a review of all the evidence, is itself *some* evidence that the board can rely on in reaching a decision." (Emphasis sic.) *State ex rel. Wegman v. Ohio Police & Fire Pension Fund*, 155 Ohio St.3d 223, 2018-Ohio-4243, 120 N.E.3d 786, ¶ 18.

### C. Fiduciary Duty and Evid.R. 403

{¶ 18} Powell's principal argument on appeal is that OPERS should have discounted Dr. Steiman's and Dr. Mankowski's opinions. He argues (1) that OPERS owes him a fiduciary duty, (2) that because OPERS owes him a fiduciary

duty, it must apply Evid.R. 403 and disregard evidence that is more prejudicial than probative, and (3) that in accordance with Evid.R. 403, Dr. Steiman's and Dr. Mankowski's opinions must be excluded because they are more prejudicial than probative (and so, presumably, MMRO's and Dr. Mast's opinions, which rely on the opinions of Drs. Steiman and Mankowski, must be excluded).

{¶ 19} Powell's argument overlooks the fact that R.C. 145.35(E) *requires* OPERS to consider the opinions of its examining physicians. Moreover, no authority supports his argument, which means that he cannot establish entitlement to a writ of mandamus. *See State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.*, 140 Ohio St.3d 284, 2014-Ohio-3688, 17 N.E.3d 569, ¶ 13 (relator must establish a clear legal right to relief). And we may not create the right that is enforceable in a mandamus action. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18.

### 1. Fiduciary Duty

{¶ 20} Powell bases his fiduciary-duty argument on the portion of R.C. 145.36 that states that the members whom OPERS determines qualify for disability benefits "shall be retired on disability." However, nothing in R.C. 145.36 mentions a fiduciary duty, let alone imposes one on the OPERS board with respect to its determination of Powell's disability-benefits application.

{¶ 21} Powell next analogizes the OPERS board to fiduciaries who govern benefit plans under the federal Employee Retirement Income Security Act ("ERISA"), citing federal case law setting forth, in general terms, the duty of ERISA fiduciaries to "see that those entitled to benefits receive them," *Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 807-808 (10th Cir.2004). But *Gaither* also notes the duty of ERISA fiduciaries "to protect the plan's assets against spurious claims." *Id*. at 807. More to the point, this court has made it clear that ERISA does not apply to OPERS. *Erb v. Erb*, 75 Ohio St.3d 18, 20, 661 N.E.2d 175 (1996) ("Congress expressly exempted government retirement systems * * * from ERISA's scope").

**{¶ 22}** Powell has not established the existence of a fiduciary duty that is enforceable in mandamus in this case.

### 2. Evid.R. 403

**{¶ 23}** OPERS correctly points out that Powell raised the argument that Evid.R. 403 bars consideration of Dr. Steiman's and Dr. Mankowski's opinions for the first time in his Tenth District reply brief. OPERS asserts that we need not consider the argument, citing *State ex rel. Grounds v. Hocking Cty. Bd. of Elections*, 117 Ohio St.3d 116, 2008-Ohio-566, 881 N.E.2d 1252, ¶ 24, in which we noted, in an original action filed in this court, that a party is not permitted to raise new arguments in its reply brief. OPERS acknowledges, though, that the Tenth District did address Powell's Evid.R. 403 argument. We will therefore consider it; however, we find it meritless.

**{¶ 24}** Evid.R. 403 states that evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The only authority that Powell cites in support of his argument that OPERS must refuse to consider some medical opinions is the existence of the fiduciary duty discussed above. He asserts that for the some-evidence standard to have meaning, OPERS must disregard any evidence that is more prejudicial than probative; otherwise, OPERS would not be fulfilling its fiduciary duty to Powell. But as explained above, Powell has not established the existence of the duty that his argument is premised on. Nor has he established any authority connecting Evid.R. 403 to any such duty, and we cannot mint such a connection in this mandamus case.

**{¶ 25}** Because some evidence supports OPERS's decision and Powell has not established that any evidence should have been excluded from OPERS's consideration, we conclude that the Tenth District correctly denied the writ.

### III. CONCLUSION

{¶ 26} In light of the foregoing, we affirm the Tenth District's judgment.[1]

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Law Offices of Gary A. Reeve and Gary A. Reeve, for appellant.

Dave Yost, Attorney General, and Samuel A. Peppers III and Mary Therese J. Bridge, Assistant Attorneys General, for appellee.

_____

---

1. The header of Powell's merit brief includes a parenthetical request for oral argument; he otherwise presents no argument on the subject, and he did not file a motion for oral argument. A request for oral argument in a direct appeal shall be by motion. S.Ct.Prac.R. 17.02(B). And the granting of an oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). We deny Powell's request.