[Cite as *State ex rel. Willer v. Ohio Public Emps. Retirement Sys.*, 2021-Ohio-4575.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Glenn P. Willer et al., | : | |
| Relators-Appellants, | : | No. 20AP-316 |
| | | (C.P.C. No. 17CV-465) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Public Employees Retirement System, | : | |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 28, 2021

**On brief:** *Kemp, Schaeffer & Rowe Co., L.P.A.,* and *Erica Ann Probst*, for appellant. **Argued:** *Daniel A. Yarmesch.*

**On brief:** *Dave Yost,* Attorney General, *Samuel A. Peppers*, and *Mary Therese J. Bridge*, for appellee. **Argued:** *Samuel A. Peppers.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Relators-appellants, Glenn P. Willer and Katherine A. Willer, appeal a judgment entered by the Franklin County Court of Common Pleas denying appellants' request for a writ of mandamus ordering respondent-appellee, Ohio Public Employees Retirement System ("OPERS"), to allow Mr. Willer to continue to obtain service credit toward retirement, convert his money purchase plan account to a traditional pension plan, and reinstate certain survivor benefits for Mrs. Willer. For the following reasons, we affirm the trial court judgment.

## I.    FACTS AND PROCEDURAL HISTORY

{¶ 2}    Glenn Willer began working for the Upper Arlington Police Department in 1986 and became a contributing member of the Ohio Police and Fire ("OP&F") pension fund.  While still employed with the police department, Mr. Willer became a prosecutor with the city of Reynoldsburg and a prosecutor with the city of Whitehall.  Through the Whitehall and Reynoldsburg positions, Mr. Willer became a contributing member of OPERS.  His contributions to OPERS were deposited in a traditional pension plan with his wife, Mrs. Willer, designated as his beneficiary.

{¶ 3}    The certified record shows Mr. Willer met with OPERS representatives on April 1, 2010 to discuss retirement options.  The notes from that meeting state, in relevant part:

> Member is eligible to retire from OP&F in January 2011. I reviewed options for his OPERS acct. He could refund/rollover when he separates from OPERS. He will terminate at the same time as his OP&F. I told him he could also leave his OPERS on deposit until eligible to retire with our system.

(Cert. Record at 166.)

Mr. Willer met with an OPERS representative again on May 27, 2014.  The notes from that meeting state:

> Disc'd estimate, plan options, plop and general retirement info.
>
> Member is under OP&F DROP program and has continuously been paying into OPERS. Member will be retiring under OP&F soon. Advised member he will continue to pay into OPERS until he reaches retirement eligibility. (Per Wendy in SR Dept).
>
> Gave estimate with effective date of 4/1/23.

(Cert. Record at 166.)

{¶ 4}    After the May 27, 2014 meeting, Mr. Willer resigned from his positions with the cities of Reynoldsburg and Whitehall.  In August 2014, Mr. Willer began a new position with the city of Columbus.

{¶ 5}    In January 2015, Mr. Willer retired from the Upper Arlington Police Department.  He was placed on OP&F's service retirement role and began drawing a pension from OP&F.  From that point forward, Mr. Willer's contributions to OPERS associated with his continued employment with the city of Columbus were placed in a money purchase account rather than a traditional pension plan.  According to documents

in the certified record, the contributions Mr. Willer had already made to his traditional pension plan remain in that account, can be rolled into the money purchase account or an additional annuity account, or can left in place and refunded upon his retirement from all public service.

{¶ 6} The certified record shows that in July 2016, Mr. Willer called OPERS expressing concern that the annual statement he received showed he was contributing to a money purchase account rather than a traditional pension plan. The notes of the call remarked that Mr. Willer thought, based on previous conversations with OPERS, that retiring from OP&F would not affect his OPERS retirement account since he was still working for an OPERS agency, and that he would continue to be eligible to retire at age 62 with 25 years of service credit. The notes further provide that two OPERS representatives advised Mr. Willer that once he retired from OP&F, he was still able to contribute into OPERS through a money purchase account, he no longer earned service credit, and he remained eligible to retire under his traditional pension plan at age 62. (Cert. Record at 165-66.) At a meeting several weeks later, Mr. Willer expressed his concern that he made life decisions, including his retirement with a single life plan through OP&F, based on what he believed to be incorrect advice given by OPERS.

{¶ 7} On January 13, 2017, appellants filed a complaint against OPERS asserting claims for promissory estoppel based on their detrimental reliance on OPERS employees' promises. Facing a motion to dismiss, appellants amended the complaint in March 2017 to instead request the trial court issue a writ of mandamus directing OPERS "to allow Relators to continue to obtain service credit toward retirement, convert his money purchase account back to a Traditional B Plan and reinstate the survivor benefits to which they are entitled." (Am. Compl. at 7.) The complaint alleged that OPERS's "decision to discontinue service credit, transfer [Mr. Willer] from traditional Plan B to a Money Purchase Account and remove [Mrs. Willer's] Survivor benefits is incorrect as a matter of law as set forth under 145.016, 145.431, 145.45, 145.451." (Am. Compl. at 7.)

{¶ 8} Following briefing by the parties, the trial court denied appellants' request for the writ. Specifically, the trial court found that, when Mr. Willer retired from the Upper Arlington Police Department and began taking OP&F retirement benefits in 2015, Ohio law obligated OPERS to place Mr. Willer's contributions in a money purchase account from that

point forward. The trial court further found appellants' allegations that OPERS gave him inaccurate advice was not supported by the certified record. Moreover, "even if these allegations were true," the trial court found the doctrine of equitable estoppel did not apply to OPERS. (Trial Court Decision at 12.) Because some evidence supported OPERS's decision to deny appellants' request to allow Mr. Willer to continue to receive service credit toward retirement, convert his money purchase account to a traditional pension plan, and provide specific survivor benefits, the trial court found mandamus could not lie and denied the writ.

{¶ 9} Appellants filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellants submit one assignment of error for our review:

> The Trial Court Determination that Glen[n] Willer was Not Entitled to Mandamus Relief is contrary to law.

## III. STANDARD OF REVIEW

{¶ 11} "Mandamus is the appropriate remedy to challenge a decision by OPERS, because there is no statutory right to appeal." *State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.*, 140 Ohio St.3d 284, 2014-Ohio-3688, ¶ 12. "To prevail in this mandamus case, appellants must establish a clear legal right to the requested relief, a clear legal duty on the part of OPERS to provide that relief, and the lack of an adequate remedy in the ordinary course of the law." *Id.* at ¶ 13. "Appellants must prove that they are entitled to the writ by clear and convincing evidence." *Id.*

{¶ 12} To show that they are entitled to the requested writ, appellants must demonstrate that OPERS abused its discretion. *Id.* at ¶ 14; *State ex rel. Sales v. Ohio Pub. Emp. Retirement Bd.*, 156 Ohio St.3d 433, 2019-Ohio-1568, ¶ 14. In the context of a mandamus action, OPERS abused its discretion if it entered an order that was not supported by some evidence. *State ex rel. Powell v. Ohio Pub. Emp. Retirement Sys.*, ___ Ohio St.3d ___, 2021-Ohio-4030, ¶ 12. *See, e.g., Hamby v. Ohio Pub. Emp. Retirement Sys.*, 10th Dist. No. 08AP-298, 2008-Ohio-5068, ¶ 15 (explaining that to determine whether appellant has a clear legal right to a writ of mandamus, the court must determine whether the retirement system "abused its discretion by entering a decision that is not supported by 'some evidence' ").

{¶ 13} An appellate court is tasked with reviewing the decision of the trial court to determine if it abused its discretion in denying the writ. *State ex rel. Ewart v. State Teachers Retirement Sys. Bd. of Ohio*, 10th Dist. No. 20AP-21, 2020-Ohio-4147, ¶ 26, citing *State ex rel. Altman-Bates v. Pub. Emps. Retirement Bd.*, 148 Ohio St.3d 21, 2016-Ohio-3100, ¶ 23. Questions of law, including interpretation of statutes and regulations, are reviewed de novo on appeal. *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 33; *State v. Jones*, 11th Dist. No. 2012-P-0107, 2013-Ohio-4114, ¶ 54.

## IV. ANALYSIS

{¶ 14} In the sole assignment of error, appellants contend the trial court's decision to deny the writ of mandamus was contrary to law. Appellants assert the statutes involved establish both that Mr. Willer has a clear legal right to have his money purchase account converted to a traditional pension plan with associated service credit and survivor benefits, and that OPERS had a clear legal duty to provide that relief. The essence of appellants' argument is that Mr. Willer, as an employee of the city of Columbus, retains his status as an OPERS member and is therefore entitled to elect and contribute to a traditional pension plan and receive corresponding service credit and survivor benefits. OPERS counters that when Mr. Willer retired and drew a pension from OP&F he became an "other system retirant" by statute such that he could continue to contribute to OPERS during his city of Columbus tenure, but those contributions would apply to a money market account—not the traditional pension plan. (Appellee's Brief at 7.) Having reviewed the applicable law, we agree with OPERS.

{¶ 15} "The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph one of the syllabus. To determine legislative intent, we first look to the language of the statute. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. "We consider the statutory language in context, construing words and phrases according to the rules of grammar and common usage." *State ex rel. Tarrier v. Pub. Emps. Retirement Bd.*, 10th Dist. No. 18AP-12, 2020-Ohio-681, ¶ 38. "If it is ambiguous, we must then interpret the statute to determine the General Assembly's intent.

If it is not ambiguous, then we need not interpret it; we must simply apply it." *Hairston* at ¶ 13.

{¶ 16} OPERS is governed by Chapter 145 of the Revised Code.[1] Under that chapter, any person employed by a public employer is a "member" of OPERS, unless he or she "is excluded or exempted from membership in the retirement system by * * * [in pertinent part] [R.C.] 145.38." R.C. 145.01(A)(3) (defining "public employee"); R.C. 145.01(B) (defining "member"). Membership in the retirement system is generally "compulsory upon being employed" by a public employer and "shall continue as long as public employment continues." R.C. 145.03(A).

{¶ 17} Under the statutory scheme in place, "[a] member or former member of the [OP&F] * * * who is receiving age and service or commuted age and service retirement benefits * * * from a system of which the person is a member or a former member" is considered an "[o]ther system retirant." R.C. 145.38(A)(2). Generally, an other system retirant may be employed by a public employer. R.C. 145.38(B)(1). If so employed, the other system retirant is required to contribute a percentage of their salary to OPERS in accordance with R.C. 145.47 and the employer is required to make contributions in accordance with R.C. 145.48. R.C. 145.38(B)(1); R.C. 145.47.

{¶ 18} An other system retirant as defined by R.C. 145.38 is ineligible to make an election under R.C. 145.19 as to whether to participate in the OPERS defined benefit plan (a traditional pension plan) or a defined contribution plan (benefit options providing for accumulation of contributions in individual accounts). R.C. 145.19(D)(1). *See* Ohio Adm.Code 145-1-81(A) (defining retirement plan options). An other system retirant is likewise ineligible to receive any benefit under R.C. 145.37, a statute that concerns coordinating and integrating memberships in state retirement systems. R.C. 145.37(C).

{¶ 19} The other system retirant may, however, apply to receive either a benefit in the form of an annuity consisting of his or her contributions plus certain employer contributions or, under certain conditions, payment of his or her contributions. R.C. 145.384(B)(1); (B)(2); (H). *See also* R.C. 145.38(B)(4)(c) (allotting contributions

---

[1] The trial court analyzed the statutes in place in January 2015, aligning with the date Mr. Willer retired and began drawing a pension from OP&F and OPERS resultant decision to place Mr. Willer's contributions into a money market account instead of a traditional pension plan. Appellants have not asserted any error in this regard. Unless otherwise noted, the statutes cited in this decision are those that were in place in January 2015.

made by other system retirants to the annuity benefit or payment due under R.C. 145.384). Consistent with these statutes, the administrative code specifies that the contributions of an other system retirant, such as an OP&F retiree, must accrue in accordance with R.C. 145.384:

> A member of [OPERS] who also is a member of a uniformed retirement system [including OP&F] and who has applied for a retirement benefit in the uniformed system may continue employment in the position covered by [OPERS], provided that contributions made to [OPERS] after the member's effective retirement benefit date in the uniformed system shall accrue only a benefit as described in [R.C.] 145.384 * * *.

Ohio Adm.Code 145-1-74(A)(4) and (C)(3)(a). *See also* R.C. 145.38(G) (expressly permitting the OPERS board to adopt rules to carry out the statutes pertaining to other system retirants).

{¶ 20} In this case, appellants requested a writ of mandamus ordering OPERS to convert his money purchase account to a traditional pension plan and obtain service credit and certain survivor benefits under that traditional pension plan. The law outlined above does not support this request.

{¶ 21} " '[I]t is well-established that the Ohio retirement systems, as statutorily created entities, have no authority beyond what is conferred to them under their governing statutes.' " *Tarrier* at ¶ 37, quoting *Hansford v. Pub. Emps. Retirement Sys.*, 170 Ohio App.3d 603, 2007-Ohio-1242, ¶ 9 (10th Dist.). The evidence shows, and appellants do not dispute, Mr. Willer retired from OP&F and began drawing from that pension. In this situation, the statutory scheme directs OPERS to treat Mr. Willer as an "other system retirant." R.C. 145.38. As an other system retirant, Mr. Willer was precluded by statute from electing a traditional pension plan for his contributions to OPERS made past January 2015. R.C. 145.19(D)(1). Moreover, Mr. Willer's contributions into OPERS were required by statute to accrue as an annuity consisting of the retirant's contributions plus certain employer contributions—not a traditional pension plan. R.C. 145.384(B)(1); (B)(2); Ohio Adm.Code 145-1-74(C)(3)(a). Having reviewed the applicable law, we find appellants' argument that the Ohio Revised Code establishes a clear legal right to their requested relief and a clear legal duty for OPERS to provide it, to lack merit.

{¶ 22} It is not clear whether, in addition to the statute-based argument addressed above, appellants continue to advance a theory of equitable estoppel on appeal. Aside from asserting "OPERS own employees were unable to properly guide [Mr.] Willer after reviewing the same statutes" and taking issue with the trial court finding Mr. Willer's "facts"[2] concerning his discussions with OPERS employees to be unsupported by the certified record, appellants provide no legally supported argument on this issue. (Appellants' Brief at 18, 24.)

{¶ 23} Nevertheless, we find promissory estoppel inapplicable. "As a general rule, promissory estoppel does not apply against the state, its agencies, arms and agents." *Ohio Assn. of Pub. School Emps. v. School Emps. Retirement Sys. Bd.*, 10th Dist. No. 04AP-136, 2004-Ohio-7101, ¶ 48. In line with the general rule, appellate courts have determined that estoppel does not apply against a public retirement system. *See, e.g., id.* at ¶ 47-51 (finding estoppel could not be applied against a public retirement board and citing several decisions in which this court refused to apply promissory estoppel to the retirement systems as a matter of law); *State ex rel. Simpson v. State Teachers Retirement Bd.*, 143 Ohio St.3d 307, 2015-Ohio-149, ¶ 3, 32-34 (disagreeing with the appellant's argument that a state retirement board should be estopped from capping her annual compensation for purposes of determining her final average salary because she relied to her detriment on the estimates given to her by retirement system personnel). *See also Tarrier* at ¶ 50-51 (noting that "equitable arguments are inapplicable in an action in mandamus," and that even when "the result of our decision may seem harsh, this court is constrained by the law as it is written, not as we would like it to be applied to individuals on an ad hoc basis"). To the extent appellants continue to assert equitable estoppel as a means to secure a writ of mandamus, their argument lacks merit.

{¶ 24} Finally, we note appellant raised at oral argument, for the first time in this litigation, the issue of whether the administrative code section cited by appellee improperly adds to the applicable statutes. "An appellant cannot change the theory of his case and present new arguments for the first time on appeal." *Quaye v. N. Mkt. Dev. Auth.*, 10th Dist. No. 15AP-1102, 2017-Ohio-7412, ¶ 28. Doing so "deprive[s] the trial court the

---

[2] Appellants appear to contend that Mr. Willer's assertions of his (outside of the record) conversations with OPERS should have been considered by the trial court since no information in the certified record disputed his account and OPERS did not provide contrary evidence.

opportunity to rule on this theory of the case, and prevent[s] [the opposing party] from defending against th[e] [new]." *Id.* at ¶ 29. Furthermore, a party may not advance new arguments at oral argument. *Hamilton v. Ohio Dept. of Health*, 10th Dist. No. 14AP-1035, 2015-Ohio-4041, ¶ 16, fn. 3; *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 20 (1st Dist.). Therefore, we have limited our scope of review to examining those issues raised to the trial court and asserted in appellants' brief.

{¶ 25} Considering all the above, we find some evidence supported OPERS decision to apply the contributions Mr. Willer made after drawing a pension from OP&F to a money market account instead of a traditional pension plan. Moreover, appellants have not established by clear and convincing evidence a clear legal right to the requested relief or a clear legal duty on the part of OPERS to provide that relief. *Domhoff*, 2014-Ohio-3688 at ¶ 12-13; *Sales*, 2019-Ohio-1568 at ¶ 14; *Powell*, 2021-Ohio-4030 at ¶ 12. As a result, the trial court did not abuse its discretion in denying appellants' requested writ of mandamus.

## V. CONCLUSION

{¶ 26} Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and JAMISON, JJ., concur.

_____