[Cite as *State ex rel. Richson v. Ohio Pub. Emps. Retirement Sys.*, 2023-Ohio-901.]

IN THE COURT OF APPEALS OF OHIO

TENID APPELLATE DISTRICT

State of Ohio ex rel.
Cynthia L. Richson,            :

                               :

    Relator-Appellant,          :

                               :            No. 22AP-460
v.                                       (C.P.C. No. 19CV-7506)

                               :
The Ohio Public Employees              (ACCELERATED CALENDAR)
Retirement System,             :

                               :
    Respondent-Appellee.        :

---

D E C I S I O N

Rendered on March 21, 2023

---

**On brief:** *Roetzel & Andress, LPA*, *Thomas L. Rosenberg*, and *Rachael L. Russo*, for appellant. **Argued:** *Rachael L. Russo*.

**On brief:** *Dave Yost*, Attorney General, *Samuel A. Peppers, III*, and *Lisa A. Reid,* for appellee. **Argued:** *Lisa A. Reid.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Relator-appellant, Cynthia L. Richson, appeals from a judgment of the Franklin County Court of Common Pleas denying a writ of mandamus ordering respondent-appellee, Ohio Public Employees Retirement System ("OPERS"), to find that she is eligible to apply for retirement benefits, entitled to acceptance of her application, and entitled to begin receiving retirement benefits. Because the common pleas court did not err by concluding Richson failed to establish a clear legal right to the relief she sought, we affirm the common pleas court's judgment.

## I. Facts and Procedural History

{¶ 2}   Richson worked for OPERS as a corporate governance officer from August 2003[1] through July 2006.   Richson previously worked for the State of Wisconsin Investment Bank; while working for OPERS, Richson purchased OPERS retirement service credit based on her time as a Wisconsin state employee.   When Richson's employment with OPERS ended, she had 2.999 years of contributing service credit and 2.666 years of purchased service credit.   After her employment with OPERS ended, Richson received annual statements from OPERS providing a projected estimated annual pension benefit as of July 1, 2019, based on her age and total service credits.

{¶ 3}   In anticipation of her sixtieth birthday, which would occur on June 26, 2019, Richson contacted OPERS in early 2019 to request a retirement benefit application.   At that time Richson was told she was not eligible to receive retirement benefits from OPERS.   In response to written inquiries from Richson, general counsel for OPERS advised Richson by letter that she was ineligible to receive retirement benefits because she did not have five years of contributing service as defined in the Ohio Revised Code.   The letter further explained that although she was ineligible for retirement benefits, Richson could request a refund of the value of her account.

{¶ 4}   Richson filed a complaint in the common pleas court requesting a writ of mandamus ordering OPERS to find that she was eligible to apply for retirement benefits, entitled to acceptance of her application, and entitled to begin receiving retirement benefits from OPERS.   The common pleas court denied Richson's request for a writ of mandamus, concluding she failed to establish a clear legal right to the relief she sought.   The common pleas court concluded Richson did not have the required amount of contributing service credit to be eligible to receive retirement benefits from OPERS.   The court also held that Richson could not assert an estoppel claim against OPERS based on the representations contained in the annual benefit statements she received.

## II. Assignment of Error

{¶ 5}   Richson appeals and assigns the following assignment of error for our review:

> The trial court erred by denying Cynthia L. Richson, who is 60
> years of age and has accumulated 5.665 years of total service

---

[1] The complaint states Richson was hired in June 2003, however, her personal history record from OPERS indicates her start date was August 13, 2003.

credits under R.C. 145.32, her retirement benefits under her Ohio Public Employees Retirement System Plan.

## III. Analysis

### A. Standard of review

{¶ 6} OPERS has statutory authority to determine who is a member of the retirement system. *State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.*, 140 Ohio St.3d 284, 2014-Ohio-3688, ¶ 12. "Mandamus is the appropriate remedy to challenge a decision by OPERS, because there is no statutory right to appeal." *Id.*

{¶ 7} To prevail on her mandamus claim, Richson must establish, by clear and convincing evidence, "a clear legal right to the requested relief, a clear legal duty on the part of OPERS to provide that relief, and the lack of an adequate remedy in the ordinary course of the law." *Id.* at ¶ 13. This requires Richson to demonstrate that OPERS abused its discretion by making a decision that was not supported by some evidence. *State ex rel. Willer v. Ohio Pub. Emps. Retirement Sys.*, 10th Dist. No. 20AP-316, 2021-Ohio-4575, ¶ 12. *See also Domhoff* at ¶ 14 ("To show that they are entitled to the requested writ, appellants must demonstrate that OPERS abused its discretion. * * * OPERS has not abused its discretion if there is 'some evidence' to support its determination.").

{¶ 8} On appeal, we review a trial court's decision to grant or deny a writ of mandamus for abuse of discretion. *State ex rel. Ewart v. State Teachers Retirement Sys. Bd. of Ohio*, 10th Dist. No. 20AP-21, 2020-Ohio-4147, ¶ 26. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 24. Questions of law, including interpretation of statutes, are reviewed de novo on appeal. *Willer* at ¶ 13.

### B. Whether Richson satisfies the minimum eligibility requirements for OPERS retirement benefits

{¶ 9} Determining whether the common pleas court erred by denying Richson's requested writ of mandamus requires us to apply the statutes governing eligibility for retirement benefits from OPERS. "When construing the language of a statute, a court must 'ascertain and give effect to the intention of the general assembly.' " *Meyers v. Hadsell Chem. Processing, L.L.C.*, 10th Dist. No. 18AP-387, 2019-Ohio-2982, ¶ 32, quoting *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, ¶ 24. When a statute is unambiguous and

definite, it must be applied as written and no further interpretation is required. *Thomas v. Logue, Adm. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 21AP-385, 2022-Ohio-1603, ¶ 11.

{¶ 10} The standards for eligibility for OPERS retirement benefits are set forth in R.C. 145.32. As relevant to this appeal, R.C. 145.32(B)(1)(a) provides that an OPERS member who would be eligible to retire no later than January 7, 2023 is eligible to retire if she "[h]as five or more years of total service credit and has attained age sixty." It is undisputed that Richson turned 60 years old on June 26, 2019. It is also undisputed that Richson had 2.999 years of contributing service credit and 2.666 years of purchased service credit.[2] Thus, the key question on appeal is whether the common pleas court erred by concluding Richson lacked sufficient total service credit to be eligible for retirement benefits.

{¶ 11} "Total service credit" is not defined within R.C. 145.32; therefore, we must look to the general definitions set forth in R.C. 145.01. There, "total service credit" is defined as follows:

> "Total service credit," *except as provided in sections 145.016* and 145.37 of the Revised Code, means all service credited to a member of the retirement system since last becoming a member, including restored service credit as provided by section 145.31 of the Revised Code; credit purchased under sections 145.293 and 145.299 of the Revised Code; all the member's military service credit computed as provided in this chapter; all service credit established pursuant to section 145.297 of the Revised Code; and any other service credited under this chapter.

(Emphasis added.) R.C. 145.01(H)(1). On its face, this definition provides that total service credit includes purchased service credit. Similarly, R.C. 145.32(D) provides that under certain conditions "[s]ervice credit purchased or obtained under [R.C. Chapter 145] shall be used in determining whether a member has the number of years of total service credit required under [R.C. 145.32(A) or (B)]."

{¶ 12} Our analysis does not end there, however, because R.C. 145.01(H)(1) expressly refers to R.C. 145.016; therefore, we must consider how R.C. 145.016 modifies the

---

[2] We note that some of the OPERS reports contained in the record show Richson as having 3.000 years of contributing service and 2.667 years of purchased service, for a total service credit of 5.667 years. This minor discrepancy does not affect the merits of our analysis.

definition of the term "total service credit."  In relevant part, R.C. 145.016 states that "[e]xcept as provided in [R.C. 145.016(C)(2)],[3] for the purpose of satisfying the service credit requirement and determining eligibility for benefits under sections 145.32 * * * of the Revised Code, 'five or more years of total service credit' means five or more years of *contributing* service for which credit is allowed under [R.C. 145.016(A) or (B)]." (Emphasis added.)  R.C. 145.016(C)(1).  Thus, under R.C. 145.016(C)(1), a different definition of "total service credit" applies when determining whether an OPERS member is eligible for retirement benefits based on having five or more years of service credit.

{¶ 13}  "Contributing service" is defined as "[a]ll service credited to a member of the system since January 1, 1935, for which contributions are made as required by sections 145.47, 145.48, and 145.483 of the Revised Code."  R.C. 145.01(T)(1).  R.C. 145.47 sets the rate for employee contributions to OPERS, while R.C. 145.48 governs the employer's contribution rate, and R.C. 145.483 provides for payment of delinquent contributions if an employer fails to properly deduct contributions.

{¶ 14}  Richson argues the common pleas court erred by relying on R.C. 145.016 to conclude she was ineligible for retirement benefits because R.C. 145.32 expressly governs retirement eligibility.  Citing R.C. 145.01(H)(1) and 145.32(D), Richson asserts that her purchased service credit must be counted toward her total service credit for purposes of determining retirement eligibility. Richson argues she satisfied the minimum requirements and was eligible to receive retirement benefits from OPERS because her 2.999 years of contributing service and 2.666 years of purchased service equaled 5.665 years of total service credit, i.e., five or more years of total service credit.

{¶ 15}  Contrary to Richson's argument, however, R.C. 145.016(C) must be considered in determining the meaning of the term "total service credit."  " '[A]ll statutes which relate to the same general subject matter must be read *in pari materia*.  And, in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such

---

[3] The exceptions contained in R.C. 145.016(C)(2) do not apply to Richson. The exception set forth in R.C. 145.016(C)(2)(a) applies to OPERS members who had 60 or more calendar months of contributions and were 60 years old as of March 22, 2019. The exception set forth in R.C. 145.016(C)(2)(b) applies to OPERS members who had 60 or more calendar months of contributions and were receiving certain disability benefits as of March 22, 2019.

statutes.' " *Meyers* at ¶ 34, quoting *Johnson's Markets, Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35 (1991). As explained above, the general definition of "total service credit" contained in R.C. 145.01(H)(1) is expressly modified by R.C. 145.016(C) in the context of assessing retirement eligibility based on five or more years of service credit. Under the specific definition provided in R.C. 145.016(C)(1), an OPERS member must have five or more years of contributing service to be eligible for retirement benefits.

{¶ 16} Richson also argues that R.C. 145.016(C)(1) was not intended to affect her retirement eligibility because it was enacted as part of legislation meant to clarify service credit allocations for certain state employees who worked less than 12 months a year but were paid over a 12-month period. We reject this argument because the specific definition of "total service credit" now contained in R.C. 145.016(C)(1) was part of state law before that legislation was enacted. The legislation that Richson references simply moved the specific definition from R.C. 145.01(H)(1) to 145.016(C)(1) and changed "sixty or more calendar months of contributing service" to "five or more years of contributing service." *See* 2018 Sub.H.B. No. 572. Moreover, when Richson left state employment in 2006, state law provided that "[f]or the exclusive purpose of satisfying the service credit requirement and of determining eligibility for benefits under sections 145.32 * * * of the Revised Code, 'five or more years of total service credit' means sixty or more calendar months of contributing service in this system." R.C. 145.01(H)(1) (2006). Thus, as of 2006, the law was effectively the same as today—for purposes of determining whether an OPERS member has five or more years of total service credit, only contributing service is considered.[4]

{¶ 17} Richson further argues that applying R.C. 145.016 to find her ineligible for retirement benefits is an unconstitutional impairment of a vested right. Richson did not raise this constitutional argument in the common pleas court. "A reviewing court will generally refuse to consider issues on appeal that were not initially raised before the trial court." *Ruf v. Ohio Pub. Emps. Retirement Sys.*, 10th Dist. No. 20AP-330, 2021-Ohio-

---

[4] At oral argument, counsel for OPERS asserted that the requirement of five or more years of contributing service as a minimum threshold for retirement eligibility has been part of Ohio law since at least 1957. Consistent with OPERS's argument, we note that in 1957, R.C. 145.01(H) was amended to provide that "[f]or the exclusive purpose of satisfying the five years requirement and of determining eligibility for benefits under sections 145.32, 145.33, 145.35 and 145.36, of the Revised Code, 'five or more years of total service credit' means sixty or more calendar months of contributing membership in this system." Am.S.B. No. 386, 127 Laws of Ohio 299, 301.

4389, ¶ 55. *See also State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections*, 65 Ohio St.3d 175, 177 (1992) ("[T]he constitutional issues appellant raises in propositions of law Nos. 1 and 2 are not properly before this court because they were not raised by the complaint or decided by the court of appeals below. * * * Appellant cannot change the theory of his case and present these new arguments for the first time on appeal."). Accordingly, we refuse to consider Richson's constitutional argument because it was not raised in the common pleas court.

{¶ 18} As explained above, under the specific definition of "total service credit" set forth in R.C. 145.016(C)(1), for purposes of determining eligibility based on five or more years of total service credit, an OPERS member must have five or more years of contributing service to be eligible for retirement benefits. In this case, it is undisputed that Richson had only 2.999 years of contributing service credit. Therefore, the common pleas court did not err by concluding Richson failed to demonstrate a clear legal right to the relief she sought. Accordingly, we overrule Richson's sole assignment of error.

## IV. Conclusion

{¶ 19} For the foregoing reasons, we overrule Richson's sole assignment of error and affirm the judgment of Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.